IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PATRICIA K. LANDRUM**                                                 **PLAINTIFF**

v.                                                    Civil Action No. 1:12cv5-HSO-RHW

**CONSECO LIFE INSURANCE COMPANY, et al.**            **DEFENDANT**

**CONSECO LIFE INSURANCE COMPANY**         **THIRD PARTY PLAINTIFF**

v.

**TONEY P. PURVIS, et al.**                            **THIRD PARTY DEFENDANTS**

**ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT
WITHOUT PREJUDICE**

BEFORE THE COURT are Plaintiff Patricia K. Landrum's Motions for Default Judgment as to Third-Party Defendants Ashley Landrum McKissack [23], Tamela Patrice Jordan [24], Thomas Dwaine Landrum [25] and Toney Patsy Purvis [26], filed on March 23, 2012. No responses have been filed. For the following reasons, the Court is of the opinion that the Motions should be denied without prejudice as premature.

I. **BACKGROUND**

Plaintiff Patricia K. Landrum filed her Complaint [1] on January 9, 2012, and Amended Complaint [8] on January 11, 2012, asserting state law claims against Defendants Conseco Life Insurance Company, CNO Financial Group, Inc., and John and Jane Does A-G, in connection with the alleged wrongful denial of $50,000.00 in proceeds to a life insurance policy insuring the life of her former husband, John L. Landrum. On January 19, 2012, Defendant Conseco Life Insurance Company (Conseco) filed its Answer and Defenses, and a Counterclaim/Third-Party Complaint for Interpleader [10], seeking to deposit the proceeds of the policy into the Registry of

the Court, and have the Court resolve whether Plaintiff or one of the decedent's heirs-at-law, Thomas Dwaine Landrum, Toney Patsy Purvis, Tamela Patrice Jordan, or Ashley Landrum McKissack (hereinafter "Third-Party Defendants"), are the proper beneficiaries. Summonses were served on Third-Party Defendants between February 7, 2012, and February 9, 2012. *See* Summonses [12], [13], [14], [15]. Answers were therefore due between February 28, 2012, and March 1, 2012. *Id.*

On March 14, 2012, Plaintiff moved for a Clerk's Entry of Default [21] against each of the Third-Party Defendants for their failure to plead, answer, or otherwise defend against Conseco's Complaint for Interpleader. The following day, on March 15, 2012, a Clerk's Entry of Default [22] was entered. Plaintiff now seeks default judgments against Third-Party Defendants.

## II.  DISCUSSION

An interpleader action may be characterized as either a "statutory" interpleader pursuant to 28 U.S.C. § 1335, or as a "rule" interpleader pursuant to FED. R. CIV. P. 22. Conseco filed its action for interpleader pursuant to FED. R. CIV. P. 22. "An interpleader action typically involves two stages." *Rhoades v. Casey*, 196 F. 3d 592, 600 (5th Cir. 1999)(citing 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1714 (3d ed. 2004)). In the first stage, the district court determines whether the requirements for rule or statutory interpleader have been met. *Id.* If the district court finds that the requirements are satisfied, it will then resolve the respective rights of the claimants. *Id.* "The burden is on the party seeking interpleader to demonstrate that the requirements are satisfied." *Dunbar v. United*

*States,* 502 F.2d 506, 511 (5th Cir. 1974).

The Court's jurisdiction in this case is premised on diversity of citizenship. In a diversity case, rule interpleader requires: (1) "complete diversity of citizenship, which is met when the stakeholder is diverse from all the claimants, even if citizenship of the claimants is not diverse; and (2) an amount-in-controversy that exceeds $75,000 exclusive of interest and costs." *Hussain v. Boston Old Colony Ins. Co.,* 311 F.3d 623, 631 n.46 (5th Cir. 2002). The party seeking rule interpleader must also show that it is or may be exposed to double or multiple liability. *Connecticut General Life Ins. v. Wermelinger,* No. 96-11144, 114 F.3d 1181, 1997 WL 256704 *1 (5th Cir. April 7, 1997)(citing *Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 696 F.2d 359, 364 (5th Cir. 1983)).

The Court, at this juncture, is not persuaded that the pleadings meet the requirements of rule interpleader. Although the amount-in-controversy requirement is not met, the Court nevertheless has supplemental jurisdiction over Conseco's counterclaim by virtue of 28 U.S.C. § 1367. However, it is not apparent from the record that Conseco is or may be exposed to double or multiple liability. Conseco must carry its initial burden on this point before the Court can address whether interpleader is appropriate in this case. The "Affidavit of Heirs" submitted by Conseco does not meet this burden because the affiant only identifies the heirs of the decedent, i.e., Third Party Defendants. He does not state that the heirs make claim to the life insurance proceeds at issue. Based on the foregoing, default judgment as to Third-Party Defendants is premature. "There can be no determination of rights between the

claimants to the insurance benefits until there has first been a determination that interpleader is appropriate." *Markes v. Metropolitan Life Ins. Co.*, No. 98-cv-0391, 1999 WL 55220, at *2 (N.D.N.Y. Jan. 26, 1999) (denying plaintiff's motion for default judgment on the merits as premature where "stage one of the traditional interpleader claim has yet to come before the Court by motion or otherwise"); *see also Progressive Am. Ins. Co. v. Thorn*, No. 2:06cv717, 2007 WL 1381576, at * 2-3 (M.D. Ala. May 8, 2007).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Default Judgment against Third-Party Defendants should be denied without prejudice as premature.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motions for Default Judgment as to Third Party Defendants Ashley Landrum McKissack [23], Tamela Patrice Jordan [24], Thomas Dwaine Landrum [25], and Toney Patsy Purvis [26], filed by Plaintiff Patricia K. Landrum, are **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 13th day of June, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE