IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICIA K. LANDRUM** | **PLAINTIFF/ COUNTER DEFENDANT** |
| v. | Civil Action No. 1:12cv5-HSO-RHW |
| **CONSECO LIFE INSURANCE COMPANY, et al.** | **DEFENDANT/ COUNTER CLAIMANT/ THIRD PARTY PLAINTIFF** |
| v. | |
| **TONEY P. PURVIS, et al.** | **THIRD PARTY DEFENDANTS** |

### ORDER DENYING DEFENDANT CONSECO LIFE INSURANCE COMPANY'S MOTION FOR INTERPLEADER

BEFORE THE COURT is Conseco Life Insurance Co.'s Motion for Interpleader [34]. Plaintiff Patricia K. Landrum has filed a Response [36], and Conseco a Reply [37]. For the following reasons, the Court is of the opinion that the Motion should be denied.

### I. BACKGROUND

Plaintiff Patricia K. Landrum filed her Complaint [1] on January 9, 2012, and Amended Complaint [8] on January 11, 2012, asserting state law claims against Defendants Conseco Life Insurance Company and CNO Financial Group, Inc., in connection with the alleged wrongful denial of $50,000.00 in proceeds to a life insurance policy insuring the life of her former husband, John L. Landrum ("Decedent"). On January 19, 2012, Defendant Conseco filed its Answer and Defenses, and a Counterclaim/Third-Party Complaint for Interpleader [10], seeking to deposit the proceeds of the policy into the Registry of the Court, and to have the

Court resolve whether Plaintiff or one of Decedent's heirs-at-law, Thomas Dwaine Landrum, Toney Patsy Purvis, Tamela Patrice Jordan, or Ashley Landrum McKissack (hereinafter "Third-Party Defendants"), are the proper beneficiaries. Conseco also requests that it be dismissed with prejudice from this suit, and discharged from all further liability associated with the proceeds. Conseco's Answer [10] at p. 13.

Summonses were served on Third-Party Defendants between February 7, 2012, and February 9, 2012, and none have responded. *See* Summonses [12], [13], [14], [15]. On March 23, 2012, Plaintiff filed Motions for Default Judgment [23][24][25][26] against Third-Party Defendants. Those Motions were denied without prejudice by the Court on June 13, 2012. Order [32] at p. 4. The Court found that Conseco had not shown that interpleader was appropriate because it had not supplied sufficient proof that it "is or may be exposed to double or multiple liability." *Id.* at p. 3. Conseco has not moved for any type of default to be entered on its Third-Party Complaint against Third-Party Defendants. Conseco has now filed a Motion for Interpleader [34], again arguing that interpleader is appropriate because it is at risk of double or multiple liability.

## II. DISCUSSION

An interpleader action may be characterized as either a "statutory" interpleader, pursuant to 28 U.S.C. § 1335, or as a "rule" interpleader, pursuant to FED. R. CIV. P. 22. Conseco's Motion requests interpleader pursuant both 28 U.S.C. § 1335 and FED. R. CIV. P. 22. "An interpleader action typically involves two

2

stages." *Rhoades v. Casey*, 196 F. 3d 592, 600 (5th Cir. 1999)(citing 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1714 (3d ed. 2004)). In the first stage, the district court determines whether the requirements for rule or statutory interpleader have been satisfied. *Id*. If the district court finds that the requirements are met, it then proceeds to resolve the respective rights of the claimants. *Id*. "The burden is on the party seeking interpleader to demonstrate that the requirements are satisfied." *Dunbar v. United States,* 502 F.2d 506, 511 (5th Cir. 1974).

As a prerequisite to both "rule" and "statutory" interpleader, the plaintiff-stakeholder must demonstrate that it legitimately fears double or multiple claims directed against a single fund. *Airborne Freight Corp. v. United States,* 195 F.3d 238, 240 (5th Cir. 1999); *Wausau Ins. Cos. v. Gifford,* 954 F.2d 1098, 1101 (5th Cir. 1992); 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1704 (2d ed. 1986). "[C]laims for interpleader are to be construed liberally and at the initial stage the threat of multiple and vexatious litigation is sufficient to ground the claim." *Connecticut v. Gen. Life Ins. Co. v. Wermelinger,* No. 96-11144, 114 F.3d 1181, *1 (5th Cir. 1997). However, where "the likelihood of future litigation and multiple liability is [] remote and speculative," interpleader is not appropriate. *Id*.

Conseco contends that it is exposed to multiple liability because Plaintiff, the primary beneficiary of Decedent's life insurance policy, is Decedent's ex-wife, and she has not presented Conseco with a property settlement agreement evidencing the

disposition of property in the divorce. Conseco's Mem. in Supp. of Mot. for Interpleader [35] at pp. 2-3. Decedent was granted a divorce from Plaintiff in 1999, by the Chancery Court of Jackson County, Mississippi, on statutory grounds of desertion. Final Divorce Decree at p. 2, Ex. A [10-1] to Conseco's Answer [10]. The Chancery Court found that Plaintiff's "actions and conduct during the marriage clearly constitute wilful [sic], continued and obstinate desertion for the space of one (1) year as set forth at [Miss. Code Ann. §] 93-5-1(4)." Final Divorce Decree at p. 2, Ex. A [10-1] to Conseco's Answer [10].

In support of its Motion for Interpleader [34], Conseco has submitted an Affidavit of Heirs executed by Decedent's brother, Dwaine Landrum, as well as three newspaper articles. In his Affidavit, Dwaine Landrum identifies himself and Decedent's three sisters, Toney Patsy Purvis, Tamela Patrice Jordan, and Ashley Landrum McKissack, as Decedent's heirs, all of whom are Third-Party Defendants. Aff. of Dwaine Landrum, Ex. G [10-7] to Conseco's Answer [10]. Dwaine Landrum does not state, however, that the heirs are making a claim to the life insurance proceeds at issue. *Id.* In fact, Conseco concedes that the heirs have not actually made claims to the proceeds. Conseco's Reply [37] at p. 2.

The newspaper articles attached to Conseco's Motion relate that Decedent was shot to death in his home, and that his step-grandson has been arrested and charged with manslaughter in connection with his death. Newspaper Articles, Exs. 2 [35-2], 3 [35-3], and 4 [35-4] to Conseco's Mem. in Supp. of Mot. for Interpleader [35]. Conseco does not explain how the manner of Decedent's death is relevant to

its Motion for Interpleader, or to Plaintiff's claim to the proceeds.

Ultimately, Conseco argues that its "lack of knowledge regarding property distribution in the divorce, coupled with the Affidavit of Heirs . . . potentially subjects Conseco Life to multiple liability without knowledge as to the proper disposition of the insurance proceeds." Conseco's Mem. in Supp. of Mot. for Interpleader [35] at p. 4. In so arguing, Conseco essentially advances the same argument that the Court rejected when it found interpleader inappropriate in its June 13, 2012, Order [32]. Nor has Conseco offered any briefing to support its contention that interpleader is appropriate on grounds that the policy's beneficiary designation could be affected by a property settlement agreement.

In conjunction with her Response, Plaintiff submitted a Docket Report from the Jackson County Chancery Court, which reflects that no property settlement agreement was filed with that court in connection with the divorce proceedings. Docket Report, Ex. A [36-3] to Pl.'s Resp. [36]. In its Reply, Conseco does not address this issue. Given that Plaintiff and Decedent's divorce was granted on grounds of Plaintiff's desertion, it seems unsurprising that there would not have been a property settlement agreement, since Plaintiff's whereabouts at the time of the divorce were apparently unknown. Final Divorce Decree at pp. 1-2, Ex. A [10-1] to Conseco's Answer [10]. Conseco cannot sustain its burden of demonstrating the appropriateness of interpleader based on the absence of a document which the proof suggests does not exist.

Based on the record before the Court, Conseco has not demonstrated that it

has a bona fide fear of conflicting claims to the proceeds.  Its argument as to potential adverse claims by Decedent's siblings is remote and speculative. Interpleader is not appropriate, and Conseco should not be dismissed as a party.

### III.  **CONCLUSION**

For the foregoing reasons, Conseco's Motion for Interpleader [34] should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion for Interpleader [34], filed by Defendant Conseco Life Insurance Company, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of September, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE