**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**PATRICIA K. LANDRUM**                                                     **PLAINTIFF**

**v.**                                                     **Civil Action No. 1:12cv5-HSO-RHW**

**CONSECO LIFE INSURANCE COMPANY**                            **DEFENDANT**

<u>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION [125] *IN LIMINE* AND GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION [128] *IN LIMINE***</u>

BEFORE THE COURT are Defendant Conseco Life Insurance Company's

Consolidated Motion [125] *in Limine* and Plaintiff Patricia K. Landrum's

Consolidated Motion [128] *in Limine*.  Ms. Landrum has filed a Response [136] to

Conseco's Motion, and Conseco a Reply [142].  Conseco has filed a Response [133] to

Ms. Landrum's Motion.  After considering the pleadings on file, the record, and

relevant legal authorities, the Court finds that both Motions [125][128] *in Limine*

should be granted in part and denied in part as set forth herein.

## I. <u>BACKGROUND</u>

Conseco seeks to exclude the following at trial:

1.    Any statement by Ms. Landrum that Conseco denied her claim for
      Policy proceeds;

2.    Evidence relating to Ms. Landrum's claims for extra-contractual,
      bad faith, or punitive damages;

3.    Evidence relating to any alleged emotional distress damages
      suffered by Ms. Landrum;

4.    Evidence relating to any party's relative wealth or size;

5.    Bad acts of Conseco or other insurers;

6.      Evidence of discovery disputes between the parties; as well as evidence of either party's decision not to conduct certain discovery;

7.      Reserve information;

8.      "Golden Rule" arguments;

9.      Arguments asking jury to "send a message" or to act as "conscience of community";

10.     Testimony from Plaintiff's proposed expert regarding interpretation of the policy or calculations based on the policy provisions;

11.     The Court's September 18, 2012, Order denying Conseco's cross claim for interpleader as a basis for a finding of bad faith;

12.     Any reference to Ms. Landrum's adoption or search for her adopted family or related issues that may be used to garner sympathy that are irrelevant to Ms. Landrum's claims; and

13.     Any reference to Ms. Landrum's daughter's death.

Conseco's Mot. [125] at pp.1-2.

Ms. Landrum seeks to exclude at trial "any testimony, evidence and/or argument" regarding

1.      Marriages and/or divorces of Ms. Landrum other than her marriage to and divorce from John L. Landrum, deceased;

2.      Any personal bankruptcy filed by Ms. Landrum;

3.      Any policies of insurance under which Ms. Landrum is or was a beneficiary other than the Policy that is the subject of this litigation;

4.      Any alleged "Specimen" policy of insurance that differs in any respect from the Policy;

5.      The Mississippi Department of Insurance's alleged approval of, disapproval of, or the likelihood of the Mississippi Department of

2

Insurance approving a policy with terms such as those expressly contained in the subject Policy;

6. Any testimony, evidence and argument regarding any document, testimony, or evidence that Conseco did not properly disclose or produce;

7. The amount of money that Ms. Landrum "would have accepted" or "would accept" from Conseco in lieu of the contractual benefits addressed in Ms. Landrum's Amended Complaint and discovery responses;

8. Rates of interest that would or may have been available from any bank, lending, or investment company during the time period from when the Policy was purchased through trial;

9. Parol evidence regarding interpretation of the Policy;

10. Portions of Ms. Landrum's deposition that were changed pursuant to an errata sheet;

11. Alleged reasons to deny Ms. Landrum's claim, delay payment of Ms. Landrum's claim, and/or calculate payments and interest due under Ms. Landrum's claim that were not contemporaneously advanced by Conseco as a basis for its claims decisions and/or that were not disclosed in timely responses to Ms. Landrum's discovery requests;

12. The content of Ms. Landrum's Motion *in Limine*.

Pl.'s Mot. [128] at pp.1-3.

Ms. Landrum does not oppose Conseco's Request Number 8 and concedes that Conseco's Request Number 10 is moot. These portions of Conseco's Motion [125] *in Limine* will be granted as unopposed. Conseco does not oppose Ms. Landrum's Requests 1, 2, 7, or 12, and these portions of Ms. Landrum's Motion [128] *in Limine* will also be granted as unopposed. The parties' remaining Requests are addressed below.

3

## II. <u>LAW AND ANALYSIS</u>

A.    <u>Conseco's Requests</u>

    1.    <u>Conseco's Request No. 1: Any statement by Ms. Landrum that Conseco denied her claim for Policy proceeds</u>

       Conseco seeks to exclude any statement by Ms. Landrum that Conseco denied her claim for Policy proceeds.  Def.'s Mot. [125] at p. 1.  Conseco asserts that it never denied Ms. Landrum's claim and that Ms. Landrum should not be allowed to testify that Conseco denied her claim.  Def.'s Mem. [126] at pp. 1, 3.

       Ms. Landrum testified in her deposition that a Conseco adjustor named Shawn told her that her claim "had been denied . . . [b]ecause there was no Settlement Agreement."  Dep. of Patricia Landrum [136-2] at p. 68.  In a letter to the Mississippi Insurance Department, Ms. Landrum wrote, "[t]he insurance company says because we divorced and had no property settlement, I was not entitled to benefits."  *Id.*  Letter [136-4].  In this same letter, she stated that Conseco is "wanting to put this in his estate."  *Id.*

       Ms. Landrum responds that her testimony regarding what occurred during claims handling, including her recollection that she was told her claim was denied, is relevant, bears upon her right to attorneys' fees and expenses, and "sheds light" on why she filed this suit.  Pl.'s Mem. [136] at pp. 5-8.[1]  Ms. Landrum submits that Conseco may call the claims adjustor if it wishes to challenge her testimony that

---

     [1]Ms. Landrum's argument regarding attorneys' fees is moot in light of the parties' agreement that the Court will determine the attorneys' fees owed to Ms. Landrum.

she was told the claim was denied.  *Id.* at p. 8.

Ms. Landrum's recollection that she was told her claim was denied is relevant and not more prejudicial than probative.  Whether her recollection is correct, whether she understands the legal distinction between claim denial and claim delay, and whether her recollection is consistent with other evidence in this case are separate matters that counsel may explore at trial.  This portion of Conseco's Motion [125] *in Limine* will be denied.

2.   Conseco's Request Number 2: Extra-Contractual, Bad Faith, or Punitive Damages Evidence

Conseco seeks to exclude at trial statements and evidence regarding punitive damages and extra-contractual damages.  Def.'s Mem. [126] at p. 4.  Conseco's request is granted to the extent that evidence relevant only to punitive damages will be excluded during the initial phase of trial.  The Court does not prejudge whether a punitive damages stage will be necessary in this case.  The remainder of Conseco's request is denied in light of the Court's finding that Ms. Landrum's claim for extra-contractual compensatory damages will proceed to trial.  Mem. Op. and Order [134] at p. 26.

3.   Conseco's Request Number 3: All References and Evidence Relating to Emotional Distress Damages

Conseco seeks to exclude "[e]vidence relating to any alleged emotional distress damages suffered by Plaintiff."  Def.'s Mem. [126] at p. 6.  The Court has already determined that Ms. Landrum will be allowed to present her case for emotional distress damages at trial, and this portion of Conseco's Motion [125] *in*

5

*Limine* is denied.

The remaining portion of Conseco's request on the issue of emotional distress is largely a recitation of the law on emotional distress, as stated in *University of Southern Mississippi v. Williams,* 891 So. 2d 160 (Miss. 2004), coupled with a sweeping request that "this Court should . . . prevent . . . Plaintiff from offering . . . testimony [regarding her purported emotional distress] unless and until she offers satisfactory proof that her alleged emotional distress was a foreseeable consequence of Conseco Life's conduct." *Id.*

In *Williams,* the Mississippi Supreme Court clarified the burden for recovery of mental anguish and emotional distress damages in breach of contract actions:

> Plaintiffs may recover such damages without proof of a physical manifestation. Furthermore, expert testimony showing actual harm to prove mental injury is not always required. However, the plaintiff must show (1) that mental anguish was a foreseeable consequence of the particular breach of contract, and (2) that he or she actually suffered mental anguish. Such generalizations as "it made me feel bad," or "it upset me" are not sufficient. A plaintiff must show specific suffering during a specific time frame. These requirements are not different from the requirements to establish physical pain and suffering.

*Id.* at 172-73 (internal citations omitted).

*Williams* addresses a plaintiff's *ultimate* burden and was decided in a post-trial context. It is not a rigid mandate requiring a plaintiff to testify in a certain order or manner. *Williams* instead emphasizes the nonimmutable nature of "the plaintiff's burden of establishing specific proof" and "establishing whether

6

emotional distress is foreseeable." *Id.* at 173.  Both depend on "the nature of the incident."

The burden of establishing foreseeability in cases such as this one has been addressed by the Mississippi Supreme Court in *Universal Life Ins. Co. v. Veasley,* 610 So. 2d 290, 295 (Miss. 1992).  *Veasley* provides that "it is entirely foreseeable by an insurer that failure to pay a valid claim through the negligence of its employees should cause some adverse result to the one entitled to payment." *Id.* The Court does not suggest that Ms. Landrum is automatically entitled to recover emotional distress damages; "clearly testimony or other evidence in support of such damages is required." *Simpson v. Economy Premier Assur. Co.,* 1:05cv35-M-D, 2006 WL 2590620, *2 (N.D. Miss. Sept. 8, 2006).  However, the burden of establishing foreseeability where an insurance claim was denied negligently or unreasonably appears "particularly low." *Id.*

*Williams* furthermore does not require that generalized statements regarding emotional distress be excluded or stricken.  It instead provides that "a plaintiff must provide *more* than general declarations of emotional distress." *Williams,* 891 So. 2d at 173 (emphasis added).  To the extent Conseco is requesting a pretrial ruling dictating the order and manner in which Ms. Landrum must testify regarding her purported emotional distress, this request is denied.  Motions *in limine* should not be used as sweeping means of testing issues of law.  75 Am. Jur. Trial § 44.  Except as to certain types of evidence which are generally recognized as

7

inadmissible, a motion *in limine* must be sufficiently specific with respect to the matters or evidence to be excluded and should not request dispositive pretrial rulings on entire issues or claims.  *Id.* at § 50.

Conseco asserts that Ms. Landrum "cannot submit evidence of emotional distress prior to [October 5, 2011]," the date she learned about the Policy's continued existence.  Def.'s Mem. [126] at p. 6.  To the extent that this statement can be interpreted as a request for exclusion, it is denied because it seeks a dispositive determination on a substantive issue of law.

4.    Conseco's Request Number 4: Evidence Regarding Any Party's Wealth or Financial Condition

Conseco seeks to exclude "[e]vidence related to any party's relative wealth or size, including but not limited to Conseco Life's financial condition."  Def.'s Mem. [126] at p. 6.  "Plaintiff stipulates that Plaintiff will not seek to submit evidence of Conseco's net worth to the Jury during the initial phase of trial . . . ."  Pl.'s Mem. [136] at p. 10.  Conseco's request is granted to the extent that "[e]vidence related to any party's relative wealth or size, including but not limited to Conseco Life's financial condition" will be excluded during the initial trial phase.

5.    Conseco's Request Number 5: Bad Acts or Practices of Conseco and Other Insurers

Conseco "requests that the Court prohibit any reference to the fact that Conseco Life or any related corporation is or has been involved in other litigation regarding its claims or recertification process or other practices challenged by Plaintiff here that have been the subject of unrelated litigation or investigation."

8

Def.'s Mem. [126] at p. 7.

> Plaintiff stipulates that she will not attempt to offer any evidence of bad acts of Conseco or other insurers that are unrelated to the controversy in this litigation during trial. As to "practices" of other insurers, the facts are undisputed that the subject policy of insurance was issued by Lamar Life. To the extent evidence of Lamar's practices has been timely produced or disclosed in discovery, such evidence is clearly fair game in this case.

Pl.'s Mem. [136] at p. 10.

Though Conseco generally references Federal Rules of Evidence 401, 403, and 404, neither party has provided the Court with authority specific to the issue of whether evidence of other claims, litigation, and insurance practices are admissible in a case such as this one, and if they are admissible, when and for what purpose. Though the Court is inclined toward the view that such evidence would not be admissible during the compensatory damages phase of trial, it has reached no firm conclusion in this regard because it has been presented with no specific evidence or material to be ruled upon, it is handicapped by an absence of context, and the parties have not briefed their positions.

The Court reserves ruling and will entertain contemporaneous objections regarding specific evidence at trial. Ms. Landrum is directed not to broach the subject of other claims, litigation, recertification processes, or "practices" that she perceives to be "related" or "fair game" until first seeking permission from the Court, outside the hearing of the jury. The parties should be prepared to present more than general references to the Rules of Evidence in support of their positions.

Conseco's Request will be denied without prejudice to its right to raise specific objections at trial.

    6.    <u>Conseco's Request No. 6: Evidence Relating to Discovery Disputes Between the Parties</u>

Conseco seeks to exclude "[e]vidence of any discovery disputes between the parties." Def.'s Mem. [126] at p. 8. Conseco submits that "[e]vidence that is related in any way to discovery disputes between the parties, or any party's decision to conduct or not conduct any particular discovery, should be excluded . . . ." *Id.* Conseco references a Motion to Compel [70] filed by Ms. Landrum, a Motion to Strike [107] filed by Ms. Landrum, a Motion [95] for Review of the Magistrate's Order filed by Ms. Landrum, and two of the Court's Orders [85, 118] ruling on these Motions. Conseco cites three opinions in support of its position, two from this Court in which the parties stipulated that discovery disputes would not be referenced at trial,[2] and a third from a Florida federal district court in a case unlike this one where the court excluded reference to a specifically-identified purported discovery violation.[3]

Ms. Landrum contends that "Conseco's discovery misconduct in this case is part and parcel of its unjustified delay in payment of contractually owed benefits

---

    [2] *Hankins v. Ford Motor Co.,* No. 3:08cv639-CWR-FKB, 2012 WL 174793, *11 (S.D. Miss. Jan. 20, 2012); *Riley v. Ford Motor Co.,* No. 2:09cv148-KS-MTP, 2011 WL 3273592, *5 (S.D. Miss. July 29, 2011).

    [3] *Avalon Carriage Serv., Inc. v. Gamsey,* No. 3:04cv1126-J-32MCR, 2007 WL 2696797, *1-2 (M.D. Fla. Sept. 12, 2007).

and interest, and its reckless disregard for Plaintiff's rights."  Pl.'s Resp. [136] at p. 10.[4]  Ms. Landrum does not reveal any specifics as to what she contends constituted Conseco's discovery misconduct.  While Ms. Landrum accused Conseco of numerous improprieties during discovery, her positions on these disputes were largely unsuccessful for various reasons.  Evidence of what occurred during discovery can be admissible in a case such as this one because "[a]n insurance carrier's duty to promptly pay a legitimate claim does not end because a lawsuit has been filed against it for nonpayment."  *Gregory v. Continental Ins. Co.,* 575 So. 2d 534, 541 (Miss. 1990).  The relevance in this case, however, appears unlikely in light of the Court's previous rulings.  The Court will nevertheless deny without prejudice Conseco's request for exclusion of discovery-related evidence due to a lack of context and specificity.  The Court will rule upon contemporaneous objections as to specific evidence as they arise at trial.

7.   Conseco's Request Number 7: Evidence of Reserves

Conseco seeks to exclude reserve information from trial on the basis that it is not relevant and alternatively, its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time. Def.'s Mem. [126] at pp. 8-9.  Conseco cites: (1) an Illinois federal district court

---

[4]Ms. Landrum's argument that "Conseco's discovery conduct also helps explain Ms. Landrum's entitlement to recover attorneys' fees for having to pursue and prosecute this litigation in order to enforce her contractual rights" is moot in light of the parties' agreement that the Court will decide what attorneys' fees are owed to Ms. Landrum.

decision where the court excluded reserve information, finding it irrelevant to a first-party insurance bad faith claim;[5] (2) a Louisiana federal district court decision in a bad faith case where the court excluded the specific amount of the reserve as overly prejudicial and confusing to the jury but did not definitively exclude the subject of reserves from trial altogether;[6] and (3) two Pennsylvania federal district court decisions addressing the discoverability of reserve information, one denying discovery and one allowing it as "germane" to the plaintiff's bad faith claim.[7]

Plaintiff responds that "[t]his Court has expressly held that reserve information may be relevant in the context of a bad faith action," citing *Jefferson Davis Co. Sch. Dist. v. RSUI Indemn. Co.,* No. 2:08-cv-190-KS-MTP, 2009 WL 1658478, *3 (S.D. Miss. June 11, 2009).  Pl.'s Mem. [136] at p. 11.  In *Jefferson,* a United States Magistrate Judge of this Court allowed discovery on reserve information in a bad faith case but made no determination regarding whether such information was admissible at trial.

Conseco's Request to exclude reserve information is granted as to the first phase of trial because it has no relevance to the issues to be decided in phase one.

---

[5] *Spearman Indus., Inc. v. St. Paul Fire and Marine Ins. Co.,* 128 F. Supp. 2d 1148, 1154 (N.D. Ill. 2001).

[6] *Shelter Mut. Ins. Co. v. Culbertson's Ltd., Inc.,* Nos. Civ. A. 97-1609, 1969, 1999 WL 539520, *4 (E.D. La. July 23, 1999).

[7] *Maiden Creek T.V. Appliance, Inc. v. Gen. Cas. Ins. Co.,* No. Civ. A. 05-667, 2005 WL 1712304, *1 (E.D. Pa. July 21, 2005); *Robinson v. Hartford Ins. Co.,* No. Civ. A. 03-5618, 2004 WL 1090991, *1 (E.D. Pa. May 11, 2004).

The Court will reserve any decision on the issue of the admissibility of reserve information in any second phase on punitive damages.

       8.    <u>Conseco's Request Number 9: "Send a Message" or "Conscience of the Community" Arguments</u>

Conseco seeks to exclude "references in opening statement, closing argument, or at any other point of the trial, that jury members should 'send a message' to Conseco Life, or act as the 'conscience of the community,'" on the basis that such instructions urge the jury to render its verdict based upon passion and prejudice and not the facts and evidence presented at trial. Def.'s Mem. [126] at p. 10. Ms. Landrum submits that because two Mississippi Supreme Court decisions addressing insurance coverage refer to a civil jury as "the conscience of the community," "[t]here is simply no basis for preventing Counsel for Plaintiff from telling the Jury in this cause that it is exactly what the Mississippi Supreme Court says it is – the 'conscious [sic] of the community.'" Pl.'s Mem. [136] at p. 12.

Contrary to Ms. Landrum's position, the Mississippi Supreme Court has, in an insurance coverage case, rejected the use of "send a message" arguments during trial. *United Servs. Auto. Assoc. v. Lisanby,* 47 So. 3d 1172, 1184-85 (Miss. 2010). The Fifth Circuit has also "condemned 'community conscience' arguments as unfairly prejudicial." *Reese v. Mercury Marine Div. of Brunswick Corp.,* 793 F.2d 1416, 1429 (5th Cir. 1986). This portion of Conseco's Motion [125] *in Limine* is granted.

9.      Conseco's Request No. 11: Reference to the Court's September 18, 2012, Order Denying Conseco's Cross Claim for Interpleader

Conseco seeks to exclude "[t]he Court's September 18, 2012, Order denying Conseco's cross claim for interpleader as a basis for a finding of bad faith."  Def.'s Mem. [126] at pp. 11-12.  "An insurance carrier's duty to promptly pay a legitimate claim does not end because a lawsuit has been filed against it for nonpayment."  *Gregory v. Continental Ins. Co.,* 575 So. 2d 534, 541 (Miss. 1990).  Conseco's decision to pursue interpleader in this case is relevant to the remaining issues in dispute and not unfairly prejudicial.  This portion of Conseco's Motion [125] *in Limine* is denied.

10.     Conseco's Request No. 12: Any Evidence Designed Only to Garner Sympathy for Plaintiff

Conseco requests the exclusion of "[a]ny evidence designed only to garner sympathy for Plaintiff . . . ."  Def.'s Mem. [126] at p. 12.  The only example of such purported evidence Conseco recites is testimony from Ms. Landrum regarding her adoption or search for her biological family.  *Id.*  Ms. Landrum responds that her deposition testimony regarding her adoption and search for her biological family was prompted only by Conseco questioning her as to why she "came to Eatonton[, Georgia]," and Conseco's questioning on this topic spans more than two pages.  Pl.'s Resp. [136] at p. 12.

Conseco's request for a categorical exclusion of "[a]ny evidence designed only to garner sympathy for Plaintiff" will be denied without prejudice as vague, nonspecific, and lacking in context.  The fact that Conseco questioned Ms. Landrum

14

regarding her adoption and search for her family during her deposition will not be excluded at this time.

   11.   Conseco's Request No. 13: Any Evidence Relating to the Death of Plaintiff's Daughter

Conseco seeks to exclude testimony by Ms. Landrum regarding the death of her daughter as irrelevant and, alternatively, unfairly prejudicial.  Def.'s Mem. [126] at p. 13.  Ms. Landrum responds that Conseco's adjustor Shawn asked her about her daughter's suicide and that such evidence is germane to the issue of how Conseco handled her claim and what led to the filing of this lawsuit.  Pl.'s Resp. [136] at p. 13.  Evidence that Conseco questioned Ms. Landrum about the suicide of her daughter during the claims handling process appears relevant to the remaining issues in this case and is not unfairly prejudicial.  This portion of Conseco's Motion [125] *in Limine* is denied.

B.   Ms. Landrum's Requests

   1.   Ms. Landrum's Request No. 3: Any Other Insurance Policies to Which Plaintiff Was a Beneficiary

Ms. Landrum requests exclusion of testimony, evidence, and argument "regarding any policies of insurance under which Plaintiff is or was a beneficiary other than the Policy of Insurance that is the subject of this litigation" as irrelevant and unfairly prejudicial.  Pl.'s Mem. [129] at p. 6.  Conseco responds that "[s]uch evidence is relevant to [Ms. Landrum's] understanding of insurance policies, claims to insurance policies, and policy proceeds."  Def.'s Resp. [133] at p. 1.  This Request appears to be moot in light of the Court's findings in its Memorandum Opinion and

15

Order [134], but due to a lack of context and specificity, the request will be denied

without prejudice. The parties are directed not to broach the subject of other

insurance policies to which Ms. Landrum is or was a beneficiary until first seeking

permission from the Court, outside the hearing of the jury.

      2.    <u>Ms. Landrum's Request No. 4: Any "Specimen" Policy Different from the Subject Policy</u>

Ms. Landrum seeks to exclude any testimony, evidence, or argument

regarding a "Specimen" policy of insurance. Pl.'s Mem. [129] at p. 6. The Specimen

Policy [102-4] is no longer relevant in light of the Court's resolution of the issue

regarding the Policy's death benefit multipliers. Mem. Op. and Order [134] at pp. 7-

10. This portion is of Ms. Landrum's Motion [128] *in Limine* is granted.

      3.    <u>Ms. Landrum's Request No. 5: Evidence of the Likelihood of the Mississippi Department of Insurance Approval or Disapproval of the Terms of the Policy</u>

Ms. Landrum seeks to exclude any testimony, evidence, or argument

regarding the Mississippi Department of Insurance approval, disapproval, or

likelihood of approving or disapproving "a policy with terms such as those expressly

contained in the subject Policy . . . ." Pl.'s Mem. [129] at p. 7. Such evidence is not

relevant in light of the Court's findings in its Memorandum Opinion and Order

[134], and this portion of Ms. Landrum's Motion [128] *in Limine* is granted.

      4.    <u>Ms. Landrum's Request No. 6: Evidence Not Timely Disclosed, Produced in Response to Discovery Requests, or Set Forth in a Timely Designation of Expert Witnesses</u>

Ms. Landrum seeks to exclude "any testimony, evidence and/or argument

regarding any document, testimony or evidence" that Conseco did not properly

disclose, produce, or designate during discovery.  Pl.'s Mem. [129] at pp. 7-8.  Ms.

Landrum specifically requests exclusion of "the Affidavit of David Rikkers [102-1],

Internal Revenue Code § 7702, alleged 'industry standards,' Policy Form 2F0110-

10/89, other universal life insurance policies, alleged excerpt from 1984 Senate

Committee Report, News Articles not printed until 1984, the subject matter thereof

and each of the improper exhibits to Defendant's Motion for Summary Judgment . .

."  *Id.* at p. 8.

"The purpose of motions *in limine* is not to re-iterate matters which are set

forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to

identify *specific* issues which are likely to arise at trial, and which, due to their

complexity or potentially prejudicial nature, are best addressed in the context of a

motion *in limine.*"  *Maggette v. BL Dev. Corp.,* Nos. 2:07cv181-M-A, 2:07cv182-M-A,

2011 WL 2134578, *4 (N.D. Miss. May 27, 2011)(emphasis in original).  Ms.

Landrum's request for a universal pretrial ruling excluding all evidence not

properly disclosed or designated is denied.

The Affidavit of David Rikkers [102-1], 26 U.S.C. § 7702 [102-3], Policy Form

2F0110-10/89 [102-4], and the 1984 Senate Committee Report [102-14] are

irrelevant in light of the Court's findings in its Memorandum Opinion and Order

[134].  Ms. Landrum's request to exclude these items from trial is granted.  It is

unclear to the Court what Ms. Landrum is referring to as "alleged 'industry

standards,'" "other universal life insurance policies," "News Articles not printed

until 1984," and "improper exhibits to Defendant's Motion for Summary Judgment." Pl.'s Mem. [129] at p. 8.  Her request to exclude such items is denied as vague.

    5.    <u>Ms. Landrum's Request No. 8: Available Rates of Interest</u>

Ms. Landrum seeks to exclude "any testimony, evidence and/or argument regarding rate(s) of interest that would or may have been available from any bank, lending and/or investment company during the time period from when the subject Policy was purchased through the trial of this matter . . . ."  Pl.'s Mem. [129] at p. 9. Such evidence is irrelevant in light of the Court's findings in its Memorandum Opinion and Order [134], and this portion of Ms. Landrum's Motion [128] *in Limine* is granted.

    6.    <u>Ms. Landrum's Request No. 9: Parol Evidence</u>

Ms. Landrum seeks to exclude "any testimony, evidence and/or argument regarding parole [sic] evidence regarding interpretation of the subject insurance Policy separate and apart from the express language of the subject contract of insurance." Pl.'s Mem. [129] at p. 10.  The issue of parol evidence is moot in light of the Court's findings in its Memorandum Opinion and Order [134], and this portion of Ms. Landrum's Motion [128] *in Limine* is granted.

    7.    <u>Ms. Landrum's Request No. 10: Reasons for Conseco's Claims Not Contemporaneously Advanced and/or Disclosed in Discovery</u>

Ms. Landrum requests exclusion of 26 U.S.C. § 7702 [102-3] and Policy Form 2F0110-10/89 [102-4].  Pl.'s Mem. [129] at pp. 10-14.  As previously stated, these items will be excluded as irrelevant.  Ms. Landrum again requests exclusion of

18

"alleged 'industry standards'" and "other universal life insurance policies" with no specificity.  As previously stated, this request is denied as vague.

    8.   <u>Ms. Landrum's Request No. 11: Testimony Corrected by Errata Sheet</u>

    Ms. Landrum seeks to exclude from trial the fact that she changed portions of her deposition by errata sheet.  Pl.'s Mem. [129] at p. 15.  Ms. Landrum submits that "[t]o the extent Plaintiff is not available to testify at trial, Defendant should be excluded from offering the original deposition testimony (either in writing or by video, and especially by video), because the probative valued [sic] of such evidence, even if relevant, is outweighed by the likelihood of prejudice and/or confusion of the Jury."  *Id.*  Conseco responds that it "is entitled to inquire as to why Plaintiff amended such testimony through the filing of an errata sheet.  Furthermore, these statements bear to Plaintiff's credibility."  Def.'s Resp. [133] at p. 6.

    Ms. Landrum made significant changes to her deposition testimony by errata sheet, and the fact that she did so may be admissible at trial to the extent it bears upon her credibility and is not unfairly prejudicial.  *Walker v. George Koch Sons, Inc.,* No. 2:07cv274-KS-MTP, 610 F. Supp. 2d 551, 558 (S.D. Miss. Mar. 27, 2009); *Bridges v. Enter. Prods. Co., Inc.,* No. 3:05cv786-WHB-LRA, 2007 WL 571074, *8 (S.D. Miss. Feb. 20, 2007).  This portion of Ms. Landrum's Motion [128] *in Limine* is denied.

III.   <u>CONCLUSION</u>

Conseco's Consolidated Motion [125] *in Limine* and Ms. Landrum's Consolidated Motion [128] *in Limine* should both be granted in part and denied in part as stated within.  Counsel are instructed to inform their witnesses of the Court's rulings and their obligations to abide by the limitations set forth in this Order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Conseco Life Insurance Company's Motion [125] *in Limine* is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Patricia K. Landrum's Motion [128] *in Limine* is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**SO ORDERED AND ADJUDGED,** this the 2nd day of January, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE